**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**UNITED STATES OF AMERICA**

VS.                                              CASE NO: 6:10-cr-37-Orl-28DAB

**WILLIAM CICCOTTO**

---

ORDER

Defendant's motion (Doc. 79) asking this Court to reconsider its July 8, 2020 Order (Doc. 78) is before the Court for consideration. The Government filed a response to the motion. (Doc. 81). Because Defendant offers no intervening change in controlling law, no new evidence, and makes no showing of clear error or manifest injustice, the motion is due to be denied.[1]

"Although the Federal Rules of Criminal Procedure do not specifically authorize motions for reconsideration, both the Supreme Court and [the Eleventh Circuit Court of Appeals] have permitted parties to file such motions in criminal cases." *Serrano v. United States*, 411 F. App'x 253, 255 (11th Cir. 2011) (citing *United States v. Phillips*, 597 F.3d 1190, 1199-1200 (11th Cir. 2010)).

In deciding motions for reconsideration in criminal cases, courts have relied on the standards applicable to motions for reconsideration filed in civil cases pursuant to Rule 59, Federal Rules of Civil Procedure. *United States v. Brown*, No. 3:18-cr-89-J-34JRK, 2019 WL 7067091, at * 1 (M.D. Fla. Dec. 23, 2019). The grounds for granting a Rule 59 motion are newly discovered evidence or manifest errors of law or fact. *Arthur v. King*, 500 F.3d

---

[1] Because Defendant had not exhausted his remedies as required, the Court did not address the merits of his requested relief in its July 8, 2020 Order.

1335, 1343 (11th Cir. 2007). These parameters include "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice." *Lamar Adver. of Mobile, Inc. v. City of Lakeland, Fla.*, 189 F.R.D. 480, 489 (M.D. Fla. 1999).

The purpose of a motion for reconsideration is not to reexamine an unfavorable ruling in the absence of a manifest error of law or fact. *See Jacobs v. Tempur-Pedic Int'l, Inc.*, 626 F.3d 1327, 1344 (11th Cir. 2010). And, a motion for reconsideration cannot be used "to relitigate old matters, raise argument or present evidence that could have been raised prior to the" Court's ruling. *Michael Linet, Inc. v. Village of Wellington, Fla.*. 408 F.3d 757, 763 (11th Cir. 2005).

Defendant does not allege an error or present newly discovered evidence, but rather urges the Court to change its mind based on non-binding cases that decided the issue of exhaustion of remedies differently than this Court. The July 8, 2020 Order (Doc. 78) denied Defendant's request for compassionate release because he failed to exhaust his administrative remedies as required by 18 U.S.C. § 3582(c). The Court's denial was based on Defendant's failure to appeal the warden's denial of his request for relief, which was received within thirty days of Defendant's request. The issue contested by Defendant is that he believes once thirty days pass from the submission of a request to the warden, regardless of whether the warden responds or not, he can go directly to the court with his motion for relief.[2]

---

[2] The United States Supreme Court has stated "time and again that courts must presume that a legislature says in statute what it means and means in statute what it says there." *Connecticut Nat'l Bank v. Germain*, 503 U.S. 249, 254 (1992). The Amendment to §3582(c) states "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on defendant's behalf or **the lapse of** 30 days from the receipt of such a request by the warden of the defendant's facility." (Emphasis added). The legislature clearly included "the lapse of" in this amendment. If the legislature meant that a defendant can bring a motion after

2

This Court disagrees and recognized in its order that courts are split on this issue and the Eleventh Circuit has not yet addressed it. (Doc. 78). Interestingly, in the analysis of the *Alam* case, relied on by Defendant, the court does not address the language "the lapse of," completely ignoring it. *United States v. Alam,* 960 F.3d 831 (6th Cir. 2020). The court in the *Whalen* case, also relied on by Defendant, agreed that the defendant in that case had not fully exhausted her remedies and acknowledged the split in decisions on this issue. *United States v. Whalen,* No. 1:11-cr-00033, 2020 WL 3802714, at *8 n.2 (D. Me. July 7, 2020).

Defendant offers no intervening change in controlling law, no new evidence, and makes no showing of clear error or manifest injustice of the Court's July 8, 2020 Order. (Doc. 78). Defendant's Motion for Reconsideration (Doc. 79) is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on August 6, 2020.

JOHN ANTOON II
United States District Judge

Copies furnished to:
United States Attorney
United States Probation Office
Counsel for Defendant

---

30 days have expired from the submission of a request to the warden, regardless of whether the warden responds or not, the legislature would not have included the words "the lapse of." And there would be no need for administrative rights to appeal through the Bureau of Prisons.

3