# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**UNITED STATES OF AMERICA**

        **Plaintiff,**

v.                                          **Case No: 6:10-cr-37-Orl-28DCI**

**WILLIAM CICCOTTO**

        **Defendant.**

___

## REPORT AND RECOMMENDATION

Before the Court is the Defendant's Amended Motion to Withdraw and to Appoint Appellate Counsel. Doc. 92 (the Motion). In the Motion, the Defendant's lawyer seeks to withdraw due to "'irreconcilable differences" as to the merits of taking an appeal." *Id.* Counsel states that he was hired for the limited purpose of filing a motion for compassionate release (*see* Docs. 75; 83), which was denied by the Court (*see* Doc. 86). Counsel goes on to explain that the Defendant seeks a court-appointed lawyer, but notes that the lawyer "may be obligated to file a brief pursuant to *Anders*." *Id.* [1] The Defendant included with the Motion an Affidavit Accompanying Motion for Permission to Appeal In Forma Pauperis. Doc. 92-1.

In the Motion, the Defendant's lawyer first requests leave to withdraw and then requests that the Court appoint a new lawyer to represent Defendant for the purpose of prosecuting an appeal of the Order (Doc. 86) denying his request for compassionate release.

___

[1] The Defendant was convicted in September 2010 (Doc.50), took no direct appeal, sought collateral relief (Doc. 56), was denied collateral relief (Doc. 67), appealed that denial (Doc. 70), was again denied collateral relief on remand (Doc. 71), took no appeal of that denial, and ultimately was denied permission to file a second or successive motion for collateral relief (Doc. 74). Based on the procedural posture of this case, the Defendant does not currently have a right to appointment of counsel as he would during the pendency of the prosecution or on direct appeal.

The undersigned first recommends that the Court allow counsel to withdraw. Although not entirely clear from the Motion itself, it appears from the materials on the docket that counsel complied with Local Rule 2.02(b) by providing 10 days' notice to the Defendant and the government, and it further appears that allowing withdrawal will not delay these proceedings, as counsel sought leave to withdraw immediately upon filing the Notice of Appeal. *See* Local Rule 2.02(c). Finally, counsel has asserted irreconcilable differences and stated a specific basis for those differences, i.e. the merits of the appeal the Defendant now seeks to prosecute. Thus, there appears to be good cause to allow counsel to withdraw, and the undersigned respectfully recommends that he be permitted to do so.

As to the request to appeal *in forma pauperis*, while the Defendant might now be a pauper (*see* Doc. 92-1), the Motion should be denied in this respect because the underlying appeal is frivolous. An appeal may not be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3). The good faith standard is an objective standard. *See Coppedge v. United States*, 369 U.S. 438, 445 (1962). An appeal is not taken in good faith if the issues presented are frivolous. *Id*. Here, the Defendant seeks to appeal the Court's Order (Doc. 86) denying the Defendant's motion for compassionate release, which the Court denied "[b]ecause the Court has no authority to modify Defendant's sentence to home detention and Defendant failed to exhaust his administrative remedies." *Id*. at 1. In seeking appointment of appellate counsel, the Defendant provides no description of any colorable issue for appeal—not in the Notice of Appeal (Doc. 87), not in the first motion the Court denied without prejudice (Doc. 89), and not in the Motion (Doc. 92). To the contrary, the Defendant's lawyer is seeking to withdraw due to "'irreconcilable' differences as to the merits of taking an appeal" and has suggested that appointed counsel might have to file an *Anders* brief. Doc. 92. Further, a review of the Order (Doc. 86)

reveals that the motion for compassionate release underlying the sought-after appeal is entirely without substantive merit, and nothing filed by the Defendant even attempts to establish that the appeal is meritorious. Accordingly, the appeal appears to be frivolous and, therefore, cannot be said to be taken in good faith.[2]

Thus, it is respectfully **RECOMMENDED** that the Court:

1. **GRANT in part** the Motion (Doc. 92) to the extent that the Defendant's lawyer, Brian H. Mallonee, be terminated as counsel in this case; and

2. **DENY** the Motion (Doc. 92) in all other respects, certifying that the appeal is not taken in good faith.

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

**Recommended** in Orlando, Florida on November 16, 2020.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
United States Marshal
United States Attorney
United States Probation Office
United States Pretrial Services Office
Counsel for Defendant

---

[2] Finally, the undersigned notes that the Defendant has not even asserted—let alone established—any exceptional circumstances that might arguably warrant the appointment of counsel in a case such as this. *See Bass v. Perrin*, 170 F.3d 1312, 1320 (11th Cir.1999). Nevertheless, the undersigned has considered the various factors that might warrant appointment of counsel and finds that exceptional circumstances do not warrant appointment of counsel in this case.

3