**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

UNITED STATES OF AMERICA

VS.                                          CASE NO. 6:10-cr-37-JA-DCI

WILLIAM CICCOTTO
_____

<u>ORDER</u>

Before the Court is Defendant William Ciccotto's *pro se* motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). (Doc. 96). The Government filed a response in opposition to the motion. (Doc. 100). Because Defendant does not present extraordinary and compelling reasons for compassionate release, his motion is denied.

I.  **BACKGROUND**

In 2010, Defendant pleaded guilty to one count of sexual exploitation of children in violation of 18 U.S.C. § 2251(a) and (e). (Doc. 29). The Court sentenced Defendant to a 360-month term of imprisonment. (Doc. 50). Defendant is 67 years old and is currently incarcerated at Federal Correctional Institution Coleman Low in Sumterville, Florida, with a projected release date of August 20, 2035. (*See* Bureau of Prisons Inmate Locator at https://www.bop.gov/inmateloc/ [https://perma.cc/92DF-G9VW] (last accessed on Jan. 5, 2026)). Defendant seeks compassionate release, arguing that he is

"experiencing a serious deterioration in physical or mental health because of the aging process." (Doc. 96 at 5 (quoting U.S.S.G. § 1B1.13(b)(2))). Defendant provides his medical records and refers to his diagnoses of Post-Traumatic Stress Disorder (PTSD), Chronic Obstructive Pulmonary Disease (COPD), anemia, and aortic aneurysm.

## II. LEGAL STANDARDS

"The authority of a district court to modify an imprisonment sentence is narrowly limited by statute." *United States v. Phillips*, 597 F.3d 1190, 1194–95 (11th Cir. 2010); *see also* 18 U.S.C. § 3582(c) (providing that once a term of imprisonment has been imposed, "[t]he court may not modify" it except for limited enumerated reasons). In 18 U.S.C. § 3582(c), the procedure and factors for a court to consider before it may grant compassionate release are outlined.

First, the Court must find that the defendant has exhausted his administrative rights with the Bureau of Prisons (BOP). 18 U.S.C. § 3582(c)(1)(A); *United States v. Bryant*, 996 F.3d 1243, 1264 (11th Cir. 2021). Second, the Court must find that "extraordinary and compelling reasons," as defined by U.S.S.G. § 1B1.13, warrant a reduction. 18 U.S.C. § 3582(c); *see United States v. Elie*, No. 6:09-cr-50 (Doc. 138 at 14) (M.D. Fla. May 3, 2024). Third, the Court must find that the defendant is not a danger to the community as provided in 18 U.S.C. § 3142(g). U.S.S.G. § 1B1.13(a)(2); *see Elie*, No. 6:09-cr-50 (Doc. 138 at 21–22). Finally, the Court must consider the applicable

factors set forth in 18 U.S.C. § 3553(a). U.S.S.G. § 1B1.13(a); *see Elie*, No. 6:09-cr-50 (Doc. 138 at 15). The defendant has "the burden of proving entitlement to relief under section 3582." *United States v. Kannell*, 834 F. App'x 566, 567 (11th Cir. 2021) (per curiam) (citing *United States v. Green*, 764 F.3d 1352, 1356 (11th Cir. 2014)).

## III. DISCUSSION

### A. Exhaustion

It is undisputed that Defendant exhausted his administrative rights. He sought a sentence reduction from the BOP on February 14, 2024. (Doc. 96-1 at 88). More than thirty days passed since the BOP's receipt of Defendant's application before he filed the instant motion, and the BOP declined to file a motion on his behalf. (*Id.* at 88–89). Thus, the Court may consider Defendant's motion on the merits.

### B. There are no extraordinary and compelling reasons

Defendant asserts that his age is an extraordinary and compelling reason for compassionate release under U.S.S.G. § 1B1.13(b)(2). (Doc. 96 at 5). There is an opportunity for relief under U.S.S.G. § 1B1.13(b)(2) if "[t]he defendant (A) is at least 65 years old; (B) is experiencing a serious deterioration in physical or mental health because of the aging process; and (C) has served at least 10 years or 75 percent of his . . . term of imprisonment, whichever is less."

While it is undisputed that Defendant is over 65 years old and has served

3

at least ten years of his term of imprisonment, Defendant has not demonstrated that he "is experiencing a serious deterioration in physical or mental health because of the aging process." U.S.S.G. § 1B1.13(b)(2)(B). Defendant's medical records lack support for the conclusion that his ability to provide self-care in the prison is substantially diminished. *See United States v. Williams*, No. 3:10-cr-199, 2025 WL 2402619, at *1 (M.D. Fla. Aug. 19, 2025). Defendant's medical records document him being "alert[;] cooperative[;] oriented to person, place, and time[;] and" having "symmetry of motor function." (Doc. 100 at 6). Defendant "is not bed-ridden or wheelchair bound." (*Id.*).

Because Defendant fails to present extraordinary and compelling reasons for compassionate release, it is unnecessary to analyze his danger to the community or the factors in § 3553(a).

## IV. CONCLUSION

Accordingly, Defendant's motion for a sentence reduction (Doc. 96) is **DENIED**.

**DONE** and **ORDERED** on January 6th, 2026.

JOHN ANTOON II
United States District Judge

Copies furnished to:
United States Attorney
William Ciccotto